1                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NEW YORK

2

3   ------------------------------------X
                             :

4   PEDRO PATRICIO LAZO, *on behalf of*  :
     *himself and others similarly*    :

5    *situated,*                     :
                             :   11-CV-05848 (NGG)

6                  Plaintiffs,   :
                             :

7            v.           :   225 Cadman Plaza East
                           :   Brooklyn, New York

8   QUEENS HEALTH FOOD EMPORIUM, *et al.* :
                           :   April 24, 2012

9                  Defendants.   :
   ------------------------------------X

10      TRANSCRIPT OF CIVIL CAUSE FOR STATUS/MOTION CONFERENCE

11        BEFORE THE HONORABLE RAMON E. REYES, JR.
           UNITED STATES MAGISTRATE JUDGE

12

13   APPEARANCES:

14   For the Plaintiffs:        PETER HANS COOPER, ESQ.
                        Cilenti & Cooper, PLLC

15                     708 Third Avenue
                     6th Floor

16                     New York, New York  10017

17   For the Defendants:        C. K. LEE, ESQ.
                        Kraselnik & Lee

18                     30 East 39th Street
                     2nd Floor

19                     New York, New York  10016

20

21   Court Transcriber:         RUTH ANN HAGER, C.E.T.**D-641
                        TypeWrite Word Processing Service

22                     211 N Milton Road
                     Saratoga Springs, New York  12866

23

24

25

Proceedings recorded by electronic sound recording,
transcript produced by transcription service

2

1   (Proceedings began at 9:53 a.m.)

2           THE CLERK:  -- Ramon E. Reyes, Jr., presiding.  Civil

3   cause for status/motion conference docket number 11-CV-05848,

4   Lazo v. Queens Health Food Emporium, Inc.

5           Counsel for plaintiff, please state your name for the

6   record.

7           MR. COOPER:  Good morning, Judge.  Peter Cooper for

8   the plaintiffs.

9           THE COURT:  Good morning.

10          THE CLERK:  Counsel for the defendant.

11          MR. LEE:  C. K. Lee with Kraselnik & Lee.  I

12  apologize for the delay this morning, Your Honor.

13          THE COURT:  That's quite all right.  Good morning.

14          Okay.  We have a number of motions on and I think I'd

15  like to deal first with the motion to certify the collective

16  action and approve the notice.  Unless you can convince me

17  otherwise, Mr. Lee, beyond anything that's contained in your

18  papers, I'm inclined to grant the motion so --

19          MR. LEE:  It's all in my brief, Your Honor.

20          THE COURT:  Okay.  I think the standard is -- to

21  certify a collective action is fairly low.  I think the

22  plaintiffs have met it in this case.  I didn't see anything

23  wrong with the notice as proposed.  The only issue perhaps is

24  posting the notice.  I don't think posting is appropriate at

25  this point in time.  I understand that there are records, at

1   least some of, you know, last-known addresses and just the like

2   of employees and former employees, so we'll provide them with

3   notice that way and if for some reason there's a problem with

4   that you can make an application at a later point to post the

5   notice, okay?

6             MR. LEE:  Thank you, Judge.

7             THE COURT:  All right.  Now, I understand you're not

8   seeking to -- you're not moving for a Rule 23 class at this

9   point.

10            MR. COOPER:  Correct, Judge.

11            THE COURT:  All right.  You want to amend the

12   complaint to include the retaliation claims.  Is that correct?

13            MR. COOPER:  Yes, Judge.

14            THE COURT:  I'm also inclined to grant that motion

15   because practically speaking if those claims weren't brought in

16   this case there would be nothing preventing the plaintiffs from

17   filing another action including retaliation claims.  The strike

18   of those claims is something to be determined by a jury but,

19   you know, we'd have another action.  So it just makes more

20   sense to deal with it in this action along with the main claims

21   that have already been raised, so I'm going to grant that

22   motion.

23            That would leave the two motions from the

24   defendant -- or defendants to compel depositions of opt-ins and

25   to suspend discovery until those depositions take place I

4

1  think -- I'm not quite sure exactly what it is, but it's my

2  practice to allow opt-ins to be deposed, so I'm going to grant

3  the motion.  And what I would like to do -- well, what I would

4  like you folks to do is get together and figure out what has to

5  happen from here on out as far as discovery is concerned, what

6  depositions need to be taken, any remaining documents that need

7  to be disclosed back and forth, what have you.

8          MR. LEE:  Your Honor, Mr. Cooper and I had discussed

9  the idea of having a third-party mediator and once we kind of

10  get the details down as to how we want to proceed on that, we

11  would inform the Court regarding that avenue of pursuing

12  resolution of this case.

13          THE COURT:  I think that's a very good idea.

14          MR. LEE:  Separately, we've also agreed on a

15  confidentiality agreement for discovery production and we have

16  the form here for the Court to so order if the Court would be

17  willing to receive such document.

18          THE COURT:  Is there anything unusual about it or is

19  it the standard?

20          MR. COOPER:  I didn't see anything unusual.  You

21  know, we haven't received any documents.  Mr. Lee sent me the

22  confidentiality agreement last night and said that once we

23  execute it, he'll then provide us with those documents.

24          THE COURT:  Well, what other documents are there?

25          MR. COOPER:  We haven't gotten any documents.

1          THE COURT:  No, no, but I'm -- I understand that, but

2  from what I understood each of the **plaintiffs** have all of

3  their --

4          MR. COOPER:  They have their --

5          THE COURT:  -- paystubs.

6          MR. COOPER:  Right.  Exactly.

7          THE COURT:  Right?  And so what other documents are

8  there?

9          MR. COOPER:  I don't know what he's going to deem as

10  confidential.  I assume it's tax returns, things like that.

11          THE COURT:  Um-hum.

12          MR. COOPER:  I have no problem with that.  If

13  something is marked confidential, which we don't think it would

14  be, there's a provision there that will see --

15          THE COURT:  Allow you to challenge it.

16          MR. COOPER:  Yeah.

17          THE COURT:  Okay.  That's fine.  Could I see that,

18  please?

19                    [Pause in the proceedings.]

20          All right.  This does not -- it's not clear who bears

21  the burden.  If something is marked confidential and then the

22  other side objects to that, who bears the burden to prove that

23  it should not be deemed confidential?

24          MR. LEE:  I believe the party seeking to keep it

25  confidential should bear the burden.

1          MR. COOPER:  I mean, if it's an issue, Your Honor, I

2    mean, I would just leave it to the Court, you know, at its

3    discretion --

4          THE COURT:  All right.

5          MR. COOPER:  -- to see whether the Court deems it's

6    confidential or not.

7          THE COURT:  Well, I've seen confidentiality

8    agreements where the burden is spelled out.  You know, the

9    party that labeled something confidential has the burden to

10   prove and go forward with the Court or the other way around.

11   It doesn't really make any difference to me, but this was

12   unclear.  All right.  I've signed this and we'll enter it on

13   ECF.

14          When is the next conference, ma'am?

15          MR. COOPER:  I don't believe we have one, Judge.

16          THE COURT:  Okay.

17          MR. COOPER:  Judge, in terms of the collective action

18   will there be a written decision or --

19          THE COURT:  No.

20          MR. COOPER:  Okay.  Do you --

21          THE COURT:  I try not to put things in writing unless

22   I have to.

23          MR. COOPER:  What would be the notice period?

24          THE COURT:  How long -- well, you have -- how many

25   current and former employees are there that we know of?

7

1          MR. LEE:  I think there is about 20 to 30.

2          THE COURT:  Okay.

3          MR. LEE:  But just to clarify, Your Honor, because I

4  had suggested in my brief that the parties review the content

5  of the notice and I just want to clarify whether the Court is

6  already approving their proposed form of a notice or whether I

7  get to add or take away stuff from their proposed notice.

8          THE COURT:  Why don't we do this?  Why don't --

9          THE CLERK:  We have July 5th.

10          THE COURT:  There's a conference up for July 5th?

11          THE CLERK:  At 1:00 o'clock.

12          THE COURT:  All right.  We're going to keep that.

13          I'm looking for notice right now.

14          MR. COOPER:  Judge, the motion seeks to go back six

15  years, so I think there could be hundreds of employees, not 20

16  or 30.  There's 30 employees presently but I would think

17  there's much more than 30 employees for the past six years.

18          THE COURT:  I know you objected to that, Mr. Lee.

19          MR. LEE:  Yeah.  I don't think it's that many people

20  working there right now, Peter, and I don't think they seek 30

21  for six years.  I think the number I actually gave was for six

22  years.

23          THE COURT:  Okay.  How long -- what kind of notice

24  period do you --

25          MR. COOPER:  But the class notice -- but the

1  certification period is only for the past I believe three

2  years, Your Honor, correct?

3          MR. LEE:  We briefed that issue, Judge.

4          THE COURT:  It's for six years.

5          MR. COOPER:  But the FLSA is only relevant for a

6  three-year period.

7          MR. LEE:  But there's supplemental jurisdiction.

8          THE COURT:  Yes.  Under the New York Labor Law.

9          MR. COOPER:  But that's only relevant under Rule 23.

10  I mean, I have to -- I mean, I've just never seen it at the --

11          THE COURT:  Yeah, but let's say -- all right, so

12  you're worried about people who worked six years ago.

13          MR. LEE:  Yeah, but then you're only --

14          THE COURT:  And we only have New York Labor Law

15  clause.

16          MR. LEE:  We have a state law claim.  Why should they

17  be getting a notice with a federal law claim?  That's

18  essentially giving him a Rule 23 that he misses deadline on.

19          MR. COOPER:  I don't believe I missed my deadline,

20  Judge.  We're amending the complaint to alleged Rule 23 --

21          MR. LEE:  Wait.  Your Honor, the amendment is only

22  for retaliation.  It's not for Rule 23.

23          THE COURT:  Yeah, and you said you weren't sure

24  if you're going to --

25          MR. COOPER:  But, Judge, in the amended complaint

9

1  there is a Rule 23 cause of action.  Are we required to take

2  that out?  And there's also -- we added additional defendants.

3          MR. LEE:  Yeah, because that's what I wanted to

4  clarify, Your Honor, also because --

5          THE COURT:  The additional defendants -- hold on just

6  one second.

7          I don't want to lose this.  That needs to be put on

8  ECF.  All right.

9          Let's deal with the notice period, not -- when do

10  people have to opt-in by?  When do you want?

11          MR. COOPER:  Sixty days, Judge?

12          THE COURT:  Sixty days.  All right.  Sixty days from

13  the mailing of the notice.

14          MR. COOPER:  From the mailing.

15          THE COURT:  All right.  And you'll put that into the

16  notice.

17          You're going to meet and confer on the substance of

18  the notice.  And if you -- if you have any problems with it, I

19  would like to know about them.  It's now the 24th, correct?

20  I'd like to know about them by May the 4th.  Response on May

21  the 9th.  I will resolve your disputes and then the notice

22  probably will be mailed out sometime during the week of May the

23  14th.

24          MR. COOPER:  Judge, could we have a date by which the

25  names and addresses has to be provided?

10

1          THE COURT:  When can you get that do you think

2   Mr. Lee?  I know it depends on part of the notice.

3          MR. LEE:  The timeliness is a little bit tight, Your

4   Honor, just because we're near the end of April right now and I

5   need my clients to get all their records together.  She has the

6   records, but I just want to give myself a little bit of

7   flexibility.

8          THE COURT:  Well, you need the names before you send

9   it out, right?

10          MR. COOPER:  Of course, Judge.  And we --

11          THE COURT:  June 1.  June 1.

12          MR. COOPER:  The case has been pending since last

13   year, Judge.  We -- this is not a surprise.  There have been

14   names and addresses.  We demanded them months ago.

15          THE COURT:  All right.  May 25th.

16          MR. LEE:  I'm sorry.  The deadline for providing

17   the --

18          THE COURT:  The names and addresses May 25th.

19          MR. LEE:  Okay.  Okay.

20          THE COURT:  And then you'll mail the notice out the

21   following week.  All right.  So that deals -- so that leaves

22   the issue of whether it's three years or six years.

23          And what's up with the amended complaint?  Let me

24   pull up the amended complaint -- or the proposed amended

25   complaint, I should say.  Now you, Mr. Cooper, I guess your

11

1  point is we're going to -- you want to allege a Rule 23 class.

2          MR. COOPER:  Right, Judge.

3          THE COURT:  But you're not sure if you're going to

4  move for certification.

5          MR. COOPER:  I didn't have enough discovery, Judge,

6  to move for certification but it requires some -- it requires

7  more than just the collective action motion.  It requires

8  information that I don't have yet.

9          THE COURT:  Okay.

10          MR. COOPER:  But I assume discovery will lead me to

11  and then I'll determine whether or not I can certify that.

12          THE COURT:  Okay.  Let us say that I allow the

13  amended -- I'm going to allow the proposed amended complaint to

14  go forward.  There is an allegation of a Rule 23 class on the

15  New York Labor Law claims.  In discovery wouldn't the

16  plaintiffs be entitled to a list of former employees within the

17  past six years?

18          MR. LEE:  That's only assuming his Rule 23 motion is

19  granted, Your Honor.  Just because he's pleading it doesn't

20  necessarily mean --

21          THE COURT:  Well, how could he satisfy the numerosity

22  requirement without getting that discovery in the first place?

23  It can't be that you have to win a class certification motion

24  before you get discovery on the size of the class.

25          MR. LEE:  He could get it through deposition

1    testimony.

2           MR. COOPER:  I shouldn't have to, Judge.  I should be

3    able to get it through -- I actually don't want to take

4    multiple depositions, Judge.  I think one deposition in this

5    case is -- on our end it's going to be ample hopefully.  I want

6    at some point if I need to make a motion to certify a class, I

7    think it's appropriate that it's allowed to be at least in the

8    complaint.  As you said, Judge, I could start a whole new

9    action if it's not time barred.  I should allow it to be in the

10   complaint and it's appropriate to let me have discovery on it.

11          THE COURT:  I'm going to allow the motion to amend to

12   go forward or to allow the amended complaint to go forward as

13   proposed with the allegation of Rule 23 class.  The notice is

14   going to be sent out to all employees within the past six years

15   whether it's for the purpose of bringing them into the FLSA

16   collective action or can consider it pre-class discovery on the

17   Rule 23 class.  I think the plaintiffs would be entitled to

18   that information anyway.

19          MR. LEE:  Wait.  I'm sorry --

20          THE COURT:  If you want to provide the notice --

21   provide a list of all employees within the past six years -- if

22   you're going to do that anyway as part of the class discovery,

23   why not send them the notice anyway?

24          MR. LEE:  Your Honor, I just wanted to clarify

25   because, again, they blew their deadline on the Rule 23 motion.

13

1   That's been discussed and --

2           MR. COOPER:  Blew it by a weekend, Judge, and we

3   weren't even clear it was a deadline.

4           THE COURT:  And it was a deadline set in a scheduling

5   order that can be amended for good cause --

6           MR. LEE:  But there was no --

7           THE COURT:  -- change for good cause.

8           MR. LEE:  -- good cause.  There was no -- I mean, he

9   didn't inform the Court that he was unable to do the motion.

10  In fact, he did his motions on that --

11          THE COURT:  How can you do a Rule 23 motion without

12  having the discovery.  If he -- he would have had no basis to

13  say that the class is numerous.

14          MR. LEE:  But that's his problem.  He agreed to the

15  schedule.

16          THE COURT:  Did he ask -- did you ask for in

17  discovery any information on the size of the class?

18          MR. COOPER:  Yes, Judge.  We asked for names and

19  addresses of all former employees going back six years.

20          THE COURT:  When did you ask for that?

21          MR. COOPER:  We asked for that months ago, Judge.

22          MR. LEE:  No, don't -- come on, Peter, show me the

23  document.  Show me your discovery.  Don't lie to the Court,

24  Peter.

25          THE COURT:  Hey, hey, hey --

14

1          MR. LEE:  No, it's just -- it's not right.  He did

2    not send it to me until after we had all these discussions.

3          MR. COOPER:  It was in our discussion --

4          MR. LEE:  It was after Pedro Lazo's deposition where

5    I got your discovery, okay?  It was after Pedro Lazo's

6    deposition.  You said --

7          MR. COOPER:  Pedro Lazo's deposition was after we

8    filed the motion for collective action.

9          MR. LEE:  Yeah, but you didn't send me discovery

10   requests until afterwards.

11         MR. COOPER:  That may be true, Judge.  I'm not going

12   to dispute that.  Rule 26, though, requires --

13         MR. LEE:  Rule 23.

14         MR. COOPER:  Rule 23 --

15         THE COURT:  No --

16         MR. COOPER:  Rule 26 requires -- we haven't gotten

17   anything from the defendants, Judge.  Rule 23 is an automatic

18   requirement that he turn over documents --

19         THE COURT:  Rule 26 is an automatic --

20         MR. COOPER:  Right.  It's an automatic disclosure

21   requirement.  I shouldn't even have to, you know, be here today

22   without any discovery, anything.  We have nothing.  They've

23   denied everything in the complaint and haven't gotten any

24   discovery, so I don't think we're untimely.  I really don't,

25   Judge.

1          MR. LEE:  Your Honor --

2          MR. COOPER:  I think that's unclean hands.

3          MR. LEE:  He's misrepresenting it.  We have provided

4  our Rule 26 disclosures to him in a timely matter.

5          THE COURT:  What -- do you have them with you?

6          MR. LEE:  I don't have the documents with me.  I came

7  here mostly -- I thought this would be a five-minute

8  conversation, but I just have the -- I brought stuff but it was

9  mainly for the trial.

10          THE COURT:  We're going to go forward with the Rule

11  23 amended complaint alleging a Rule 23 class.  By the 25th of

12  May there's going to be a list of all current and former

13  employees in the past -- well, current employees and former

14  employees within the past six years.  You will send a notice to

15  them.

16          MR. COOPER:  Your Honor, I just want --

17          THE COURT:  And then if you -- then you're going to

18  make your motion.  You may not win.  You may not get a class

19  certified and in which case if there are people three -- more

20  than three years ago, they're not going to be part of the case

21  even if they've opted in.

22          MR. COOPER:  Understood.

23          MR. LEE:  Your Honor --

24          THE COURT:  Um-hum.

25          MR. LEE:  -- it's almost like the Court is giving him

1   a free Rule 23 if we're mailing the notice to everybody --

2           MR. LEE:  That's --

3           THE COURT:  I've done it in other cases.  I know

4   Judge Gleeson has done it in other cases and we're not the only

5   two judges.  I mean, we could do it --

6           MR. LEE:  I think we should be limited to the past

7   three years before --

8           THE COURT:  Okay.  Let's just -- all right, let's

9   play it out.  Let's see if it has any practical affect.  All

10  right.  You are going to be producing a list of names and

11  addresses for people who have been employed by the defendants

12  within the past six years.  They're entitled to that to find

13  out whether there is a proper Rule 23 class.  Okay.  They get

14  that list of names.

15          There are 60 people, for argument's sake, 20 of whom

16  are within the past three years and 40 of whom are three years

17  and before.  The notice gets mailed out to the 20 who are

18  within -- under the defendants' proposal who are within the

19  collective action.  All right.  Twenty opt in for argument's

20  sake.  The 40 don't get notice because they're only part of the

21  Rule 23 class.  You make a motion for Rule 23 certification.

22  Let's say it's granted.  Those 40 people who are not part of

23  the collective action are still part of the class.  So whether

24  or not you sent notice to them we would have to -- at the --

25  the collective action notice, we're going to have to send them

1    notice of the class.

2          MR. LEE:  Yeah, I think everybody gets a notice for

3    the Rule 23.  All 60 people get notice.

4          THE COURT:  So eventually, you know, if he satisfies

5    his burden of proof on a Rule 23 class, those people are going

6    to know about it.  Whether they know about it now or then is

7    irrelevant because if they know about it now, they opt in,

8    they're not part of the collective action, and he fails on his

9    motion to certify, they don't -- they've got nothing.

10         MR. COOPER:  I don't know whether I have a motion to

11   certify unless --

12         THE COURT:  Well, no, no, but it's a slightly

13   different argument about whether you provide them notice now.

14   I mean, you're going to get the names.  You're going to know

15   who is potentially in this class going back six years.

16         MR. COOPER:  And dates of employment --

17         THE COURT:  Right?

18         MR. COOPER:  -- are sort of important.

19         THE COURT:  All right.  So providing them notice now

20   is -- there's no prejudice to the defendant.  How is it --

21         MR. LEE:  There is some prejudice, Your Honor, and

22   I'm just going to give you the alternative scenario which is

23   the -- everybody gets the notice -- the collective notice,

24   let's say, to all 60 people.  But then they actually don't win

25   under Rule 23 because maybe -- one of my arguments was they're

1  not even qualified to be class counsel.  So let's say the Rule

2  23 is not granted.

3           So what you have here is almost a solicitation for

4  the people outside of the three years and then those people

5  could go to them, they could go to some other attorneys and

6  file in the state court and my client would be highly

7  prejudiced with, you know, the such mailing when people

8  shouldn't have even been receiving it in the first place

9  because the collective action is under a three-year statute of

10 limitations.

11          THE COURT:  You know what?

12          MR. COOPER:  The Court does have supplemental

13 jurisdiction in this case, Judge.  There's a whole list of

14 cases in my brief where six years was certified.  The Court --

15 it's a remedial statute.  This company has been in business

16 since the '80s.

17          THE COURT:  We're going to go with the six years.  So

18 everyone within the past six years is going to get notice.

19          MR. LEE:  Well, Your Honor, you can't say I didn't

20 try because I know one of your concerns initially was that

21 because I'm on plain -- I was on the plaintiffs' bar [ph.]

22 that, you know, it may cause conflicts but obviously I'm trying

23 very hard.

24          THE COURT:  Obviously.  I didn't say you weren't

25 trying and you weren't doing a very good job.  I just have a

19

1    different view of how to do things.  So six years, list of

2    names by the 25th of May.  Names, dates of employment, last-

3    known address.  You're to file the amended complaint.  Serve it

4    or --

5              MR. COOPER:  Is that immediately, Judge?

6              THE COURT:  I mean, how soon can you do that?

7              MR. COOPER:  I can do that this week, Judge.

8              THE COURT:  All right.  Amended complaint to be filed

9    by the 27th of April and served promptly thereafter.

10             MR. COOPER:  Do you want to serve --

11             MR. LEE:  What's the date for the -- what's the 27th?

12             THE COURT:  The 27th is when he needs to file the

13   amended complaint.

14             MR. LEE:  Oh, okay.

15             MR. COOPER:  April 27th?

16             THE COURT:  Yes.

17             MR. COOPER:  And do you want me to have them

18   served -- Mr. Lee, you don't want subservice?

19             MR. LEE:  You don't have to serve anything.  It's

20   okay.

21             MR. COOPER:  I don't have to serve?

22             MR. LEE:  Yeah.  I mean, it's okay.  I can accept

23   service.

24             MR. COOPER:  Okay.  I'll send Mr. Lee a copy.

25             THE COURT:  You will give me -- I gave you dates for

20

1  objections to the notice as proposed, May 4th for the

2  objections, May 9th for the response.  The notice will be

3  mailed out by June 1st because you'll have the list of names on

4  the 25th.  So then the notice will go out the following week.

5  They will have 60 days to opt in.  You -- on the opt-in forms

6  do we have a -- did you have a copy of the opt-in form?

7            MR. COOPER:  I don't believe we included a form.  Did

8  we?

9            MR. LEE:  We can -- it's usually an attachment to the

10  notice and, you know, we can work out the proper form of the

11  opt-in.

12            THE COURT:  I -- you know what?  On the consent to

13  sue under the Fair Labors -- yeah.  Why don't you put in dates

14  of employment so they can fill out when they think they were

15  employed?

16            MR. LEE:  Okay.

17            THE COURT:  I mean, you have records to double-check,

18  but I think that's helpful information anyway.  So we could

19  know if they're part of the Rule 23 for the collective action

20  or both.  And we'll meet July 5th, is it, Miriam?

21            THE CLERK:  Yes.

22            THE COURT:  At 10:00 o'clock?

23            THE CLERK:  Yes.

24            THE COURT:  All right.  That's --

25            THE CLERK:  11:00 o'clock.

1          THE COURT:  11:00 o'clock.  That's the next

2  conference.

3          MR. COOPER:  And we just need a date by which the

4  defendant will answer the amended complaint.

5          THE COURT:  You tell me what time you need, Mr. Lee.

6          MR. LEE:  If it's going to be --

7          THE COURT:  27th of April.  25th okay?

8          MR. LEE:  The 27th  Yeah, if I could just get two

9  weeks that'd be great.

10          THE COURT:  I'll give you a little better than that.

11  I'll give you till the 25th of May is the date that you'll

12  answer the amended complaint and provide the list of names --

13          MR. LEE:  Okay.

14          THE COURT:  -- dates of employment --

15          MR. LEE:  Okay.

16          THE COURT:  -- and addresses.

17          MR. LEE:  Great.

18          THE COURT:  All right.  What else?

19          MR. COOPER:  Just all other discovery answers Mr. Lee

20  has already said he'll provide them but I assume that he will.

21  I think --

22          THE COURT:  I'm sure he will.

23          MR. COOPER:  Okay.  I think that's it, Judge.  We --

24  there'll be an order with these dates in it or --

25          THE COURT:  ECF order, right, or we'll --

22

1          MR. COOPER:  Thank you.

2          THE COURT:  All right.  And we have the transcript

3    anyway.

4          MR. COOPER:  Thank you, Judge.

5          THE COURT:  Okay.  Thanks.

6          (Proceedings concluded at 10:21 p.m.)

7                    *  *  *  *  *  *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

23

1          I certify that the foregoing is a court transcript

2     from an electronic sound recording of the proceedings in the

3     above-entitled matter.

4

5

6     _____

7                              Ruth Ann Hager, C.E.T.**D-641

8     Dated:  April 25, 2012

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25