UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

PEDRO PATRICIO LAZO, SEGUNDO ALFREDO
LAZO, MARIANA BASANTES, and GEZELE
PORTWOOD, on behalf of themselves and others
similarly situated,

Plaintiffs,

-against-

QUEENS HEALTH FOOD EMPORIUM, INC.,
dba QUEENS HEALTH EMPORIUM, SALLY
TSENG, VINCENT LUIO, SONG LIN
CHANG, and MARIA E. GONZALEZ,

Defendants.
------------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-5848 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is are objections that Defendants Queens Health Food Emporium, Inc.,

and Sally Tseng ("the Defendants) make to two orders Magistrate Judge Ramon E. Reyes issued.

Upon due consideration, the court denies the objections.

## I.      BACKGROUND

Plaintiff Pedro Lazo brought suit against the Defendants on December 1, 2011 (See

Compl. (Docket Entry # 1).) Pedro Lazo alleged that he is an employee of the Defendants and

that they have violated the Fair Labor Standards Act, U.S.C. § 201 et seq., and the New York

Labor law in various ways. (Compl. ¶¶ 1-2, 15-19.) After an early settlement conference did not

produce a settlement, Judge Reyes set a briefing schedule for Pedro Lazo's motion to amend his

Complaint and for certification of a collective action; Pedro Lazo was to brief both motions on

February 24, 2012. (Feb. 3, 2012 Minute Entry.) Segundo Alfredo Lazo, Marianna Basantes,

and Gezele Portwood all filed consents to become plaintiffs to this action. (Docket Entries ## 9,

1

10, 16.) Pedro Lazo did not file an Amended Complaint on February 24, but did move for preliminary certification of a collective action. (Docket Entry # 17.) On March 1, after Pedro Lazo's deposition (the record does not make clear why Pedro Lazo was deposed so early in the discovery process), the court and the parties agreed to a case management plan that created deadlines for discovery and scheduled status conferences but did not set a deadline for motions to amend pleadings. (Docket Entry # 23.)

On April 25, 2012, Judge Reyes granted Plaintiffs leave to file an Amended Complaint, conditionally certified a collective action, and ordered a six-year notice period. (April 24, 2012 Minute Order.) Plaintiffs filed an Amended Complaint shortly thereafter which, inter alia, added retaliation claims alleging that Defendants had retaliated against Plaintiffs since the lawsuit had been filed by terminating their employment; the Amended Complaint also added additional defendants. (Second Amended Compl. (Docket Entry # 48).) Defendants then raised this objection (see Docket Entry # 51), and have refused to either answer the new Complaint or submit discovery necessary to send the collective action notices while its objections are unresolved (see Docket Entry # 71).[1]

## II.    DISCUSSION

### A.    Standard of Review

Defendants do not address the applicable standard of review in their memorandum. Defendants appear to style their motion alternately as an "objection," a request to "reconsider" Judge Reyes' decision, and a challenge in the first instance to Plaintiffs' motions to amend and to certify a collective action. (Compare Def. Mem. (Docket Entry # 52) at 1 ("we are counsel to

---

[1]    Because the question is not squarely before it, the court does not opine on whether a party's objection to a magistrate judge's rulings on a nondispositive pre-trial matter acts as an automatic stay of its obligations to follow that order. Cf. In Re Application of Debbie Gushlak, No. 11-mc-218 (NGG) (JO), 2012 WL 1514824, *4 (E.D.N.Y. Apr. 30, 2012) (appeal of order from district court to Court of Appeals for the Second Circuit did not divest district court of jurisdiction to enforce order, absent a stay).

[Defendants] and are writing to object")[2] with id. ("we respectfully request the court to reconsider the Collective Action Certification and the Motion to Amend Complaint") and id. ("we request the court deny: Plaintiffs' Motion to Certify Collective Action . . . and Plaintiffs' Motion to Amend Complaint").) To add to the confusion, Defendants' brief is bereft of citation to the rule or statutory provision that they believe authorizes the relief they seek.

Defendants' request that this court deny Plaintiffs' motions as if the motions were pending before this court in the first instance is clearly inappropriate. In the Eastern District of New York, nondispositive pretrial matters in civil cases are referred to the assigned magistrate judge (excepting certain categories of cases not relevant here). See Local Rule 72.2; Local Rule 16.1. Motions for conditional certification of collective actions are nondispositive pretrial matters, see Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 383 (E.D.N.Y. 2010), as are motions to amend pleadings, see Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007); but see Wilson v. City of New York, No. o6-cv-229 (ARR) (VVP), 2008 WL 1909212, at *3-4 (E.D.N.Y. Apr. 30, 2008) (noting disagreement among district courts as to whether the denial a motion to amend a complaint should be considered a dispositive event). Thus, Plaintiffs' motions were properly before Judge Reyes in the first instance, and this court will not consider the motions in a plenary fashion.

Defendants also use the term "reconsider" in their request to the court, but do not cite the stringent standards for reconsideration, let alone attempt to demonstrate that they have met them. See Norton v. Town of Islip, No. 04-cv-3079 (NGG) (WDW) (E.D.NY. May 9, 2012); Local Rule 6.3. Defendants also do not explain why they might be moving for "reconsideration" before this court instead of before Judge Reyes.

---

[2]     Counsel actually describe themselves as counsel to Plaintiffs in the quoted clause, but the court assumes this is a typographical error.

Despite Defendants' inconsistent language, the court believes Defendants were attempting to object to Judge Reyes' decisions pursuant to Federal Rule of Civil Procedure 72 and 28 USC § 636. Because Judge Reyes ruled on nondispositive pretrial matters, Defendants' objection must be pursuant to Rule 72(a) and § 636(b)(1)(A). Objections made pursuant to these provisions are in the nature of an appeal and an objecting party must show that the magistrate judge made a decision that was "clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a). An order is clearly erroneous "only if a reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." Summa, 715 F. Supp. 2d at 384 (quotation marks omitted). This standard of review is "highly deferential" and "imposes a heavy burden on the objecting party." Id. (quotation marks omitted).

**B.      Application**

The court first considers Defendants' objection to Judge Reyes' conditional certification of a collective action under FLSA. Defendants argue that Judge Reyes failed to consider that (1) one sentence in Plaintiff Pedro Lazo's deposition which, defendants claim, contradicts his affidavit; (2) Plaintiffs Segundo Lazo and Marianna Basantes did not provide affidavits in Spanish with a certified translation into English; and (3) Plaintiff Gezele Portwood did not allege first-hand knowledge of other employees' compensation structure. (See Defs. Mem. (Docket Entry # 52) at 2.) None of Defendants' arguments persuade the court that Judge Reyes clearly erred when he found that Plaintiffs had made the "modest factual showing" necessary for conditional certification of a collective action. See, e.g., Cano v. Four M Food Corp., No. 08-cv-3005 (JFB) (AKT), 2009 WL 5710143, at *3 (E.D.N.Y. Feb. 3, 2009). Allegations made by affidavit and pleadings are typically all that is necessary for a collective action certification. Id. As for the value of the English-language affidavits of Segundo Lazo and Marianna Basantes,

Judge Reyes did not clearly err by crediting the English comprehension of the two Plaintiffs for this limited purpose. Finally, the single sentence that Defendants seek to rely on is not necessarily in tension with Pedro Lazo's affidavit, and Judge Reyes did not clearly err by crediting Lazo's affidavit for what is, again, a limited purpose.

As an alternative argument, Defendants argue that Judge Reyes erred by directing notices about the suit be sent to employees employed by Defendant within the previous six years, instead of only the previous three years. Although FLSA has, at the maximum, a three-year statute of limitations, New York Labor Law claims (which Plaintiffs bring to this court through supplemental jurisdiction) have a six-year statute of limitation. Defendants argue that because the collective action procedure applies only to the FLSA claims, notice to former employees whose claims would pre-date the three-year FLSA limitation period would serve no purpose other than stirring up litigation. (Defs. Mem. at 3.) The court notes that this exact issue has divided courts within the Second Circuit. While Defendants' argument has been credited by some courts, see Lujan v. Cabana Management, Inc., No. 10-cv-755 (ILG) (RLM), 2011 WL 31798, at *9 (E.D.N.Y. Feb. 11, 2011), other courts have considered that a notice period co-terminus with the state statute of limitation has salutary effects on a plaintiff's eventual motion for class certification on New York Labor Law claims and have therefore granted a six-year notice period, see Cano, 2009 WL 5710143 at *10; Guzman v. VLM, Inc., No. 07-cv-1126 (JG) (RER), 2007 WL 2994278, at *506 (E.D.N.Y. Oct. 11, 2007). Given that this is an open issue of law, and that multiple courts have determined that a six-year notice period serves a useful function, this court cannot say that Judge Reyes clearly erred by ordering a six-year notice period.

5

The court considers Defendants' appeal of the grant of leave to amend Plaintiffs'

Complaint next. Defendants' argument, both to Judge Reyes in the first instance and to this

court on appeal, seems to consist of (1) insisting that Plaintiffs had to show good cause for not

moving to amend on February 24, 2012, in accordance with Federal Rule of Civil Procedure

16(b)(4) (because, according to Defendants, the pre-existing schedule for amending the

Complaint was contained in a scheduling order issued pursuant to Rule 16), and (2) claiming

prejudice in the form of a need to re-depose Plaintiff Pedro Lazo. (Defs.' Mem. at 4-5.) The

court sees no clear error in Judge Reyes' decision to allow the Amended Complaint. It is unclear

from the transcript of the conference whether Judge Reyes determined that Rule 16 did not apply

or whether Plaintiffs had shown good cause. Either decision would be defensible under a clearly

erroneous standard of review. As to the first possibility—that Rule 16 did not apply—Judge

Reyes could have reached that conclusion based on the fact that the case management plan, the

document to which the Rule 16 limitation typically applies, was not entered until March 1, 2012,

and did not contain an agreed-to deadline for filing amended pleadings. (See Case Management

Plan (Docket Entry # 23) ¶ 3.) The court considers this fact dispositive of Defendants' claim that

Plaintiffs must show good cause. Without the Rule 16 good cause provision, Plaintiffs' motion

to amend is evaluated under Federal Rule of Civil Procedure 15, which provides that leave to

amend should be "freely given." The only argument against amendment when evaluated under

Rule 15 is Defendants' claim of prejudice. Plaintiffs represent that Defendants received a copy

of a proposed Amended Complaint on February 27, before Defendants' deposition of Pedro

Lazo. This suggests that Defendants had notice of the expanded allegations before deposing

Pedro Lazo. In any case, whatever prejudice Defendants may suffer from change to Plaintiffs'

allegations must be balanced against the costs Defendants would incur if Plaintiffs were not

6

permitted to amend their Complaint and instead filed a new suit, which Plaintiffs could have done with regard to at least some of the newly included allegations. (Conference Tr. (Ex. A. to Defs. Mem.) at 3:14-17.) Therefore, the benefits of amending the Complaint would outweigh the one instance of prejudice Defendants identify.

Assuming arguendo that Judge Reyes was acting according to the second possible conclusion—that good cause is required and has been shown—his finding of good cause would not be clearly erroneous. A court evaluating whether a party has shown good cause looks to a variety of factors that include the party's diligence and prejudice to the opposing party. Kassner v. 2nd Ave Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). Plaintiffs' amendments, in part, addressed events that occurred after the original amendment deadline and so Plaintiffs could not have acted more diligently than they did in moving to amend the Complaint as to those events. As to the other principal amendment—the addition of class and collective action allegations— Judge Reyes could have credited Plaintiffs' representations that there was insufficient discovery as of February 24 to permit counsel to make a judgment about whether file the Amended Complaint or not. (Conference Tr. at 14:20-25.). The prejudice analysis discussed in the previous paragraph would apply to this Rule 16 analysis as well.

## III.    CONCLUSION

For the foregoing reasons, Defendants' objections are DENIED.

SO ORDERED.

s/ NGG

Dated: Brooklyn, New York
     June _15_, 2012

NICHOLAS G. GARAUFIS
United States District Judge

7